```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/1/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

               Plaintiff,

-against-

THE JUILLIARD SCHOOL,

               Defendant.

25-CV-08435 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff moves for leave to proceed in this action under the pseudonym "Jane Doe." The motion is unopposed. For the following reasons, Plaintiff's motion is GRANTED.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008).[1] "Although there is a presumption that the parties will disclose their names, a district court has discretion to grant an exception to this requirement in certain limited circumstances." *Doe v. Combs*, No. 24-CV-08810 (LAK), 2025 WL 268515, at *1 (S.D.N.Y. Jan. 22, 2025) (emphasis added) (citing *Sealed Plaintiff*, 537 F.3d at 189). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189.

The Second Circuit has provided a "non-exhaustive" list of ten factors for courts to consider when determining whether a plaintiff should be permitted to proceed under a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of h[er] age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press h[er] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose h[er] identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*United States v. Pilcher*, 950 F.3d 39, 42. (2d Cir. 2020) (citing *Sealed Plaintiff*, 537 F.3d at 189–90). "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 191 n.4. "A court also must evaluate the relevant factors even when, as here, an anonymity motion is unopposed." *Doe v. Fashion Inst. of Tech.*, No. 25-CV-00950 (JPC), 2025 WL 1000927, at *2 (S.D.N.Y. Apr. 3, 2025).

## DISCUSSION

The relevant factors strongly favor allowing Plaintiff to proceed under a pseudonym at this time. The claims here involve allegations of sexual assault, which courts have recognized as "paradigmatic examples of highly sensitive and personal claims." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021). Plaintiffs in such cases are often vulnerable to psychological trauma as well as potential harassment and retaliation if their identifies are publicly disclosed. *See Doe v. Niagara Univ.*, No. 23-CV-01311 (LJV), 2024 WL 1363676, at *2 (W.D.N.Y. Apr. 1, 2024); *Doe v. Sarah Lawrence Coll.*, No. 22-CV-05905 (NSR), 2022 WL 2866473, at *2 (S.D.N.Y. July 20, 2022). Here, Plaintiff is particularly vulnerable to those harms. She alleges she has already experienced harassment and retaliation resulting from the limited disclosure necessary to investigate her claims, *see generally* Dkt. No. 1, and she has attested to suffering from mental anguish and related symptoms that would likely be worsened by public exposure of her identity in connection with this case, *see generally* Dkt. No. 5-2. Moreover, the public has a strong interest in maintaining the confidentiality of sexual assault claimants "to ensure that other victims would not be deterred from reporting similar crimes." *Doe v. Vassar Coll.*, No. 19-CV-09601 (NSR), 2019 WL 5963482, at *2 (S.D.N.Y. Nov. 13, 2019). Finally, Defendant would not be prejudiced by Plaintiff proceeding under a pseudonym at this stage of the litigation, and

there is no other workable alternative for protecting Plaintiff's confidentiality. Any other factor is neutral.

## CONCLUSION

Accordingly, the motion is GRANTED. Plaintiff is permitted to proceed under the pseudonym of "Jane Doe." As reciprocal confidentiality serves the same interests discussed above, Plaintiff's former boyfriend—the alleged perpetrator of the conduct underlying Plaintiff's claims—shall be identified as "John Roe." The parties are granted leave of Court to redact the names of both individuals from documentary evidence submitted in this action, to the extent such evidence is filed on the public docket.

The Clerk of Court is directed to terminate Dkt. Nos. 4 and 5.

Dated: December 1, 2025
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge