UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe | No. 25 Civ. 08435 (MMG) |
| Plaintiff, | **ECF CASE** |
| - against - | **STIPULATED CONFIDENTIALITY AGREEMENT** |
| The Juilliard School, | |
| Defendant. | **AND PROTECTIVE ORDER** |

**WHEREAS**, disclosure and discovery activity in this action may involve production of confidential, proprietary, or private personal identifying information (including electronically stored information or "ESI") and documentation such as, by way of illustration but not limitation: sensitive information involving personal financial, medical, mental health, or family matters, employment or education records of individuals, information protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g *et. seq.*, ("FERPA") and/or the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et. seq.*, ("HIPAA"), and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted;

**WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED**, that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

**Case 1:25-cv-08435-MMG   Document 28   Filed 04/10/26   Page 2 of 10**

1. With respect to the identification of Jane Doe and other students, the individuals identified as "Jane Doe" and "John Roe" in the complaint filed in this matter shall not be identified by their true names in any pleading, motion, or affidavit filed with the Court. Their true names will be redacted or otherwise de-identified from any document filed with the Court prior to the commencement of trial. In addition, students other than Jane Doe and John Roe shall be identified only by first and last initial in any document filed with the Court prior to the commencement of trial.

2. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

3. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    a.    FERPA- or HIPAA-protected information, including medical and therapy records, files, and reports:

    b.    any information of a personal or intimate nature regarding any individual, including, but not limited to, personal identifiers, financial information, tax records, sensitive family matters, and employer personnel records;

    c.    proprietary information or otherwise sensitive non-public information; and

    d.    any other category of information this Court subsequently affords confidential status.

4.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

5.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6.      In the event that any Party files Confidential materials with the Court supporting a motion or other court filing, the Party shall file such documents under seal using the Court-authorized procedure for filing documents under seal as set forth in Rule I(D)(3) of Judge Garnett's Individual Rules and Practices.

7.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising

all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

8.    Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.    Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)    the Parties to this action, their insurers, and counsel to their insurers;

(b)    counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this

4

matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

11.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(c), 8(d), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel

must retain each signed Non-Disclosure Agreement and produce it to opposing counsel upon request.

12.    Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

13.    Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14.    Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15.    Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.    If documents or information that are subject to a claim of attorney-client privilege, attorney-work product privilege, or any other applicable privilege or immunity is inadvertently produced ("Inadvertent Production Material"), such inadvertent production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity.

    a.  A claim of inadvertent production shall be made in writing and shall constitute a representation by that Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

    b.  If a claim of inadvertent production is made pursuant to this Stipulation, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the producing Party, and/or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

    c.  A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the document(s) or information in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

17.     Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19.     Any amendment of the provisions of this Order can be made by agreement of the parties, and, if agreed upon, shall be made in writing.  Any amendment to the provision of this Order will become effective upon approval of the Court.

20.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: April 8, 2026

By: ___s/_____
O. Iliana Konidaris, Esq.
305 Broadway, Seventh Floor
New York, New York 10007
Phone: (347) 504-0220
Fax: (231) 252-8100

8

Email: ikonidaris@tfnlgroup.com
*For Plaintiff*


By: _____s/_____
Suzanne Messer, Esq.
Kymberley Walcott-Aggrey, Esq.
*Attorneys for Defendant The Juilliard*
*School*
One Lincoln Center
Syracuse, NY 13202
Tel.: 315-218-8000
Email: messers@bsk.com
*For Defendant*


SO ORDERED. Dated April 10, 2026

_____

**Hon. Margaret M. Garnett**
**United States District Judge**

9

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe, | No. 25 Civ. 08435 (MMG) |
| Plaintiff, | **ECF CASE** |
| - against - | **<u>NON-DISCLOSURE AGREEMENT</u>** |
| The Juilliard School, | |
| Defendant. | |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Name:

_____

Dated:

10